On the Merits.
Appellee has asked no amendment of the judgment. It can not therefore be altered to the prejudice of the appellant. We are to inquire whether there be anything to the prejudice of the appellant in the judgment. We are inclined to believe that in fixing the date from which it accorded alimony as of the day of the trial of the rule, the court was following what it conceived to be an inflexible rule of action as having been announced by this court in Suberville vs. Adams, 47 An. 68, to the effect that “ in al’l cases where a wife who has brought a suit for separation from bed and board from her husband demands alimony pendente lite, it is part of her case to establish affirmatively that she has during the whole period for .which alimony is asked remained constantly at the domicile assigned her, *844 •and this, though no question had been raised by the husband on that subject.” The pleadings and facts in the Suberville case presented the question to us from an exceptional standpoint, and it was from that standpoint that the remarks of the court must be viewed and construed. The plaintiff in that suit sued his wife for a divorce, charging her with adultery; the wife denied the charges, and assuming the character of plaintiff in reconvention, prayed herself for a separation from bed and board, grounding her demand upon allegations of cruel treatment and outrages toward herself of such a nature as to render their living together insupportable; that he had deserted and abandoned the matrimonial domicile, leaving her destitute, and afterward resorted to a simulated and fictitious sale of the family homestead in ■order to dispossess her of the premises, and that he had since failed ■to contribute to her support. During the course of the trial, plaintiff offered testimony in rebuttal to disprove the allegation that he had driven her from the matrimonial domicile and to show that she had herself abandoned it in consequence of having been discovered in adultery. The court below refused to allow the evidence on the ground that it was not admissible under plaintiff’s allegations. The District Court rendered judgment in favor of defendant on the plaintiff’s demand, and also in her favor upon the reconventional demand, decreeing a separation from bed and ordering plaintiff to pay her alimony at the rate of sixty dollars per month during the pendency of the suit. Plaintiff appealed. On appeal this court affirmed the judgment in favor of defendant upon the main demand, but reversed it as to the reconventional demand and the claim for alimony, on the :ground that plaintiff should have been permitted to introduce ■the evidence not in support of his action, bub bo break • down the claims of the defendant. The case was remanded for a new trial ■on those particular branches. Referring to the claim for alimony ,;pendente lite advanced under these circumstances and conditions, the ■court said it was of opinion that “ plaintiff could nob be compelled to ¡pay this allowance if the record disclosed that no domicile ¡had been assigned the wife pendente lite, as the evident object of the law is to provide her the means of maintaining a separate domicile ‘ during the suit for separation, ’ the selection of which the suit renders necessary. Inasmuch as the.defendant confessedly left the domicile of her husband with *845 out obtaining from the judge an order assigning her domicile pending her suit, it was manifestly impossible for her to make the proof required of her as a condition precedent to her recovery of alimony against her husband. It was of no consequence that the plaintiff did not urge formal exception or objection on this score in limine; the phraseology of the statute clearly imposes the burden of proof on the defendant to establish this essential ingredient of the demand and the plaintiff had a perfect right to rely upon her failure to discharge it as a substantial defence to the effect that he could not' be compelled to pay her his allowance otherwise. On the state of the controversy thus formulated,'we think the defendant’s reconventional demand for alimony should be disallowed and rejected.”
It will be seen that in case there was an utter absence of any assignment of a residence to the wife; also that the husband had made a direct attempt to offer evidence in rebuttal to establish that fact, which was an important one in the determination of the relations of the parties in that particular case. The ease came to us under the gravest charges against the chastity of the wife sought to be shown. “We dealt with the matter upon the hypothesis only that the plaintiff might have some evidence to support his charges — not that there was any actually produced. We say this in justice to the defendant in that case whose claim was that the charges against her were totally groundless and the result of a conspiracy between her husband and others against her. In the case at bar there was an assignment by the court of a residence to the wife and the case comes to us thoroughly free from complaint of any kind by the husband against her. There was nothing in the pleadings and nothing in the offer of the testimony by the husband in the District Court calling in question the fact of her having conformed to the orders of the court. The husband presents that question tardily when he raises it before us on appeal. We must presume, as matters stand, that he did not conceive the wife to have been at fault in this respect. We are of ihe opinion that Art. 148 of the Civil Code must be read (subject to exceptional eases) in connection with Art. 147, which declares that the wife shall prove her residence “as often as she may be required to do so.”
This court has not been inclined to construe these articles with the rigidity which defendant’s counsel contends for. Jolly vs. Weber, 36 An. 678.
The law designs that the wife shall be subjected to the supervision *846 of the court, but over this matter the court itself must be left some dlsci’etion and control. The defendant seeks collaterally to call in question the exercise by it of that power in this particular case, first in establishing plaintiff’s domicile outside of the State, and next in having given her a general permit to absent herself during the recess of the court on account of her health. If defendant thought the. orders on this subject improper he should have sought to have them set aside. Defendant says the court was without authority to fix the residence of the wife outside the territorial jurisdiction of the court. The article of the Code Napoleon which correponds with with Art. 14V of our Code has been the subject of considerable discussion in France. Fuzier-Herman, under Art. 268, C. N., says: “Suivant la plupart des auteurs les juges ont un pouvoir souverain pour déterminer d’aprés les circonstances et bienséances le domicile provisoire de la femme et le fixer mSme en dehors de l’arrondissement judiciaire. Favrard Rep., Vo. “ Separation entre époux, Sec. 2, No. 6; Marsol, 156, No. 9; Chauveau sur Carre, No. 2974 Demolombe, T. 4, No. 456; Devilleneuve note sur Rennes, 3 Avril, 1851 (S. 51-2, 721). Whether or not the power goes so far as to authorize the fixing of the residence of the wife, not only outside of the judicial district but outside of the State, as was done in the original order in this case, need not be determined, for the court had authority to subsequently modify it and did so. It is true that the terms of the permission granted by Judge King to the plaintiff in this case to absent herself from the' Christian Woman’s Exchange during the summer were general, but we are not informed that any improper advantage was taken of them. The court’s order-should not be used to her disadvantage. Actus curias non gravabit. The wife being plaintiff in the suit could always be controlled through the power vested in the court under Articles 147 and 148, C. C.
We think the District Court erred in fixing as the date from which alimony should be made to commence (if the situation of the parties was such as otherwise to call for it) as of the day upon which its judgment was rendered, but that it should have commenced to be exigible from judicial demand in the suit filed 25th November, 1891, in the District Court. The District Court has not passed upon the pecuniary situation of the parties during that period, and we are not satisfied with the condition of the record on that subject.
For the reasons herein assigned it is hereby ordered, adjudged *847 ■and decreed that the judgment appealed from, in so far as it orders the defendant to pay plaintiff alimony pendente lite at the rate of thirty-five dollars per month from December 23, 1895, be and the same is hereby affirmed, but it is amended so as to leave open for future examination and decision by'the District Court the claim of the plaintiff for alimony between the 25th day of November, 1891, and December 23,1895, and the case is remanded to the District Court with instructions to make such examination and decision under the views herein expressed; appellee to pay costs of appeal.